**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HENRY A. CHAVEZ,

      Plaintiff - Appellant,

v.

TOM McWHORTER; P. PACHECO;
JESS MEYER, individually and in
their official capacity as officers of the
Albuquerque Police Department,

      Defendants - Appellees.

No. 11-2073
(D.C. No. 1:09-CV-00280-BB-RLP)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

      Plaintiff-Appellant Henry Chavez appeals the district court's take-nothing

judgment and dismissal of the action following a jury verdict finding no liability

on the part of Defendants-Appellees (APD Officers Tom McWhorter, Paul

Pacheco, and Jesse Meyer). Mr. Chavez seeks reversal of the district court's

judgment, and a remand for a new trial as to Defendant Pacheco and a trial as to

damages only as to Defendants McWhorter and Meyer. Aplt. Br. at 16. We have

---

     [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291 and we affirm.

<u>Background</u>

At 4:30 pm on March 30, 2007, Albuquerque police received 911 calls that someone was firing shots in the backyard of property on Atlantic Avenue. One caller, Plaintiff Henry Chavez, identified his son, whom he says is "bipolar," as the shooter. Mr. Chavez was able to disarm his son of a Soviet-model assault rifle before police arrived. Officer McWhorter, now on the scene, ordered Mr. Chavez to step away from the rifle and conducted a pat-down. The two men spoke briefly. Officer McWhorter maintains that Mr. Chavez did not tell him who was shooting the gun and later claimed it was Yosemite Sam. Tr. 175. Officer McWhorter testified that he had the right to detain Mr. Chavez while he investigated the crime and that he perceived Mr. Chavez as deceptive and evasive in his answers. Tr. 175, 219-220.

When Mr. Chavez declined to answer further questions and turned away, Officer McWhorter tried to detain him by grabbing his arm. Officer McWhorter claims Mr. Chavez kicked him. In any event both men fell and Mr. Chavez cut his head. Defendant Meyer prepared a criminal complaint against Mr. Chavez for battery on an officer, but a Bernalillo County grand jury later returned a "no true bill." Mr. Chavez spent two weeks in Bernalillo County Metropolitan Detention Center and was released without charge.

Mr. Chavez brought this civil rights action under 42 U.S.C. § 1983 (alleging an unreasonable seizure, excessive force, and malicious prosecution) and New Mexico common law. After a two-day trial in March 2011, the jury found for the officers on all claims. Mr. Chavez claims that its verdict was "returned in error" and that the court erred in denying his Rule 50(b) motion. Primarily he argues that Officer McWhorter lacked reasonable suspicion to detain him and use force after he submitted to a pat-down, answered the officer's questions, and expressed a wish to consult an attorney. Aplt. Br. at 10; Aplt. Reply Br. at 4, 9.

## Discussion

The predicate of Mr. Chavez's request for relief on appeal is the district court's denial of his Rule 50(b) motion, which was based on sufficiency of the evidence. Essentially, Mr. Chavez argues that, even viewing the facts in the light most favorable to the prosecution, a conscientious jury should have found for him. But it is well established that as a general matter no Rule 50(b) motion on grounds of insufficient evidence may be entertained where no Rule 50(a) motion was made; the former only *renews* the latter. See, e.g., Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008); 9 Moore's Federal Practice § 50.40[1] (3d ed. 2011); Therrien v. Target Corp., 617 F.3d 1242, 1250 n.2 (10th Cir. 2010). Exceptions lie when a Rule 50(b) motion is made unpreceded by a proper Rule

50(a) motion but where the non-movant fails to object, id., or where manifest injustice or plain error are evident. Neither circumstance is suggested here. Unitherm Food. Sys., Inc., v. Swift-Eckrich, Inc., 546 U.S. 394 (2006), held that a party's "failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence" and renders a court "powerless" to grant relief either in the form of judgment as a matter of law or in a new trial. Id. at 404. This is no mere procedural nicety. The jury here was not an advisory board, but a body of citizens summoned and authorized to give a binding verdict. Under Rule 50, only when a "reasonable jury" lacks a "legally sufficient evidentiary basis to find for the party"—when the evidence is so paltry or non-existent that a judge has no choice under the law but to strip victory from the verdict-winner and enter judgment for the movant—is its judgment discarded. Accordingly, the district court's judgment must be

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -